IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHAD MCDONALD | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | Complaint |
| PROCOLLECT, INC | § | |
| | § | AND |
| | § | |
| Defendant | § | Demand for Jury Trial |

## COMPLAINT

COMES NOW the Plaintiff, CHAD MCDONALD , (hereafter the "McDonald"), by Counsel, Dennis McCarty and for his complaint against the Defendant ProCollect, Inc., (hereafter "Defendant") alleges as follows:

## JURISDICTION

1. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d), and 28 U.S.C. § 1331.

2. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

**PARTIES**

3. Plaintiff, McDonald, is a natural person and is resident and citizen of Kaufman County in the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, ProCollect, Inc., is a domestic For-Profit Corporation conducting debt collection in the state of Texas.  Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)[1]

**FACTUAL ALLEGATIONS**

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. McDonald, conceding that he owed the debt and no longer wanted to dispute the debt, contacted Defendant and requested that they remove the dispute language from his credit report.

7. Defendant refused to remove the dispute language from McDonald's report unless he pays the debt in full.  Even though McDonald no longer disputes the debt.

8. McDonald has the right given to him pursuant to the Fair Debt Collection Act as well as the Fair Credit Reporting Act to dispute the debt and possesses the right to have the dispute language removed when he concedes that he does indeed owe the debt. The debt should not remain in dispute status in perpetuity with the only end of it is if the consumer pays the debt off in full.

9. Moreover, Procollect claims that McDonald owes a collection fee.

---

[1] 15 U.S.C. § 1692a "Definitions"
As used in this subchapter
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

2

10. Defendant cannot charge a collection fee against McDonald's account, since the Fair Deb Collection Practices Act specifically denies debt collectors the right to charge any extra charges that were not a part of the original contract.

11. Additionally, at the end of the conservation, Defendant warns McDonald if he does pay in full by a certain date that ProCollect cannot delete from his credit report.

12. And after that date, the Defendant debt collector warns McDonald that his credit report will only say paid in full for the account that ProCollect is collecting for.

### *Fair Debt Collection Act*

13. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

14. This suit is brought against the Defendant, because the damages were caused by their violation of the Fair Debt Collection Act.

15. In all instances of violating the Fair Debt Collection Act, the Defendant acted so willfully and/or negligently.

16. Under, 15 U.S.C. §1692k[2], the Plaintiff is entitled to recover actual and statutory damages and reasonable attorneys' fees.

### i. Violation of 15 U.S.C. §1692e - FALSE OR MISLEADING REPRESENTATIONS

17. When the debt collector claimed that McDonald had to pay a collection fee, the defendant violated 15 U.S.C. §1692e(2)(A).[3] Defendant falsely represents the amount

---

[2] 15 U.S.C. §1692k "Civil Liability"
(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000
[3] 15 USC § 1692E - FALSE OR MISLEADING REPRESENTATIONS

3

owed by asserting that a collection fee is owed by McDonald. Therefore, with the false representation as to the amount of the debt owed by Defendant, the defendant violated 15 U.S.C. §1692e(2)(A).

18. With Defendant's continued reporting to the Credit reporting agencies that the debt is disputed, when it was no longer disputed by the debtor, the defendant violated 15 U.S.C. §1692e(8).[4] When McDonald informed Defendant that he no longer disputes the debt, Defendant knew the credit information they were reporting was false. Furthermore, McDonald requested that Defendant please remove the dispute language from his credit report. Therefore, with Defendant's communication of information they know to be false, the defendant violated 15 U.S.C. §1692e(8).

19. When the debt collector for Defendant said that the credit report could only be deleted if McDonald made a payment by a certain date and dispute language could only be removed if McDonald paid in full, the defendant violated 15 U.S.C. §1692e(10).[5] Defendant could delete the dispute language on the credit report if it wanted to at any

---

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
**(2)** The false representation of—
**(A)** the character, amount, or legal status of any debt; or
**(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

[4] 15 USC § 1692E - FALSE OR MISLEADING REPRESENTATIONS
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
[5] 15 USC § 1692E - FALSE OR MISLEADING REPRESENTATIONS
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

4

time. Defendant was punishing McDonald for disputing his debt.  A right given to him by Congress. Defendant used this false representation in an attempt to deceive McDonald that he must pay in full if he wants the "dispute" language taken off his credit report as well as that he would have no right to have it deleted at all if he waits to long to pay the full amount. Therefore, with this false representation in an attempt to deceive McDonald, the defendant violated 15 U.S.C. §1692e(10).[6]

### ii. Violation of 15 USC § 1692f - UNFAIR PRACTICES

20. When Defendant decided to charge a collection fee, the defendant violated 15 USC § 1692f(1).[7] Defendant informed Plaintiff that they were charging him $7.50 "collection fee".  Whenever a debt collector attempts to collect any amount, whether interest, fees, charges, or expenses incidental to the principal obligation, that is not expressly authorized by the agreement creating the debt or permitted by the law, a debt collector violates the Fair Debt Collection Practices Act. Therefore, with Defendant's attempt to collect a collection fee, which was never part of the original contract, the defendant violated 15 USC § 1692f(1).

### ii. Violation of 15 U.S.C. §1692k  - CIVIL LIABILITY

---

[6] 15 USC § 1692E - FALSE OR MISLEADING REPRESENTATIONS
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

[7] 15 USC § 1692F - UNFAIR PRACTICES
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. Defendant violated 15 U.S.C. §1692k by violating 15 U.S.C. §1692e and 15 U.S.C. §1692f. As stated by 15 U.S.C. §1692k, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." Therefore, with Defendant's violation of 15 U.S.C. §1692e and 15 U.S.C. §1692f, Defendant violated 15 U.S.C. §1692k.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(d) Such other and further relief as may be necessary, just and proper.

Dated: August 7, 2012

Respectfully submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net

6